Filed 7/29/25  P. v. Patton CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES PATTON,<br><br>    Defendant and Appellant. | 2d Crim. No. B341827<br>(Super. Ct. No. GA092458)<br>(Los Angeles County) |

James Patton appeals from the trial court's decision not to act on his petition for resentencing pursuant to Penal Code section 1172.1.[1]  We conclude the trial court's order is not appealable and dismiss the appeal.

*Procedural Background*

In 2014, appellant was convicted by jury for assault with great bodily injury (§§ 245, subd. (a)(4), 12022.7, subd. (a), count 1), second degree robbery with personal use of a firearm and a gang enhancement (§§ 211, 12022.53, subd. (b), 186.22, subd.

_____

[1] All further statutory references are to the Penal Code.

(b)(1)(C), count 2), and unlawful possession of a firearm (§ 29800, subd. (a)(1), count 3). Appellant admitted suffering a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)) and a prior serious felony conviction (§§ 667, subd. (a)(1)). He was sentenced to state prison for 22 years.[2]

We affirmed appellant's conviction but modified his sentence. (*Patton*, *supra*, B260915.)

In August 2024, appellant filed a notice and request for recall of sentence and resentencing pursuant to section 1172.1. In an ex parte minute order, the trial court declined to act on the petition, citing section 1172.1, subdivision (c).

*Discussion*

We appointed counsel to represent appellant on appeal. After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216. Because the instant appeal is not from appellant's conviction, he is not entitled to our independent review of the record. He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (See *Delgadillo*, at p. 232.)

In his supplemental brief, appellant acknowledges that he is not entitled to file a petition seeking relief pursuant to section 1172.1. He nevertheless contends that "he has established a prima facie showing for which relief should be granted, or in which an evidentiary hearing should be granted and counsel appointed."

---

[2] We summarize this procedural background from our prior unpublished opinion. (*People v. Patton* (July 5, 2016, B260915 [nonpub. opn.] (*Patton*).)

Section 1172.1, subdivision (c) expressly provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (*Ibid*.)  Courts have interpreted this language to mean that a defendant who chooses to file an unauthorized request for resentencing has no right to a ruling.  Because a defendant has no right to a ruling, the trial court's decision not to act on the petition does not affect the defendant's substantial rights and is therefore not appealable.  (See *People v. Hodge* (2024) 107 Cal.App.5th 985, 996; accord, *People v. Roy* (2025) 110 Cal.App.5th 991, 994; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692-693.)

We agree with this reasoning and dismiss the appeal.

*Disposition*

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, Acting P. J.


We concur:


BALTODANO, J.


CODY, J.


3

Michael Villalobos, Judge
Superior Court County of Los Angeles
_____

Law Offices of Allen G. Weinberg and Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.